UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LUCKY JOE GUZMAN, | ) |
|       Plaintiff, | ) No. CV-09-196-JPH |
| | ) |
| v. | ) ORDER GRANTING DEFENDANT'S |
| | ) MOTION FOR SUMMARY JUDGMENT |
| MICHAEL J. ASTRUE, Commissioner | ) |
| of Social Security, | ) |
| | ) |
|       Defendant. | ) |
| | ) |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on March 12, 2010   (Ct. Rec. 12, 15).  Attorney Lora Lee Stover represents Plaintiff; Special Assistant United States Attorney Stephanie Martz represents the Commissioner of Social Security (Commissioner).  The parties have consented to proceed before a magistrate judge (Ct. Rec. 6). After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment (Ct. Rec. 15) and **DENIES** Plaintiff's Motion for Summary Judgment (Ct. Rec. 12).

**JURISDICTION**

Plaintiff protectively filed applications for disability insurance benefits (DIB) and supplemental security income (SSI) on April 11, 2007, alleging disability beginning August 28, 2006 (Tr. 94-96,102-108,134).  The applications were denied initially and on

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 1 -

1  reconsideration (Tr. 60-63,65-66).

2      At a hearing before Administrative Law Judge (ALJ) R. J.

3  Payne on February 23, 2009, plaintiff, represented by counsel, and

4  medical expert Arthur Brovender, M.D., testified (Tr. 27-55).  On

5  March 10, 2009, the ALJ issued an unfavorable decision (Tr. 16-

6  24).  The Appeals Council denied Mr. Guzman's request for review

7  on May 19, 2009 (Tr. 1-4).  Therefore, the ALJ's decision became

8  the final decision of the Commissioner, which is appealable to the

9  district court pursuant to 42 U.S.C.

10  § 405(g).  Plaintiff filed this action for judicial review

11  pursuant to 42 U.S.C. § 405(g) on July 1, 2009 (Ct. Rec. 2,4).

12                    **STATEMENT OF FACTS**

13      The facts have been presented in the administrative hearing

14  transcript, the ALJ's decision, the briefs of both plaintiff and

15  the Commissioner, and are briefly summarized here.

16      Plaintiff was 55 years old at onset (Tr. 94-96).  He earned a

17  GED and completed four or more years of college, ending with

18  digital design classes at a community college in 2005 (Tr. 132,

19  175).  Mr. Guzman testified he worked as a billing consultant for

20  a year from 2000-2001, and in 2005 as a website design assistant,

21  both sedentary positions (Tr. 36-38).  His more strenuous past

22  jobs include carpet installer's helper, press operator, bindery

23  specialist and welder/fabricator (Tr. 49,124,130).

24                  **SEQUENTIAL EVALUATION PROCESS**

25      The Social Security Act (the "Act") defines "disability"

26  as the "inability to engage in any substantial gainful activity by

27  reason of any medically determinable physical or mental impairment

28  which can be expected to result in death or which has lasted or

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                           - 2 -

1  can be expected to last for a continuous period of not less than
2  twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The
3  Act also provides that a Plaintiff shall be determined to be under
4  a disability only if any impairments are of such severity that a
5  plaintiff is not only unable to do previous work but cannot,
6  considering plaintiff's age, education and work experiences,
7  engage in any other substantial gainful work which exists in the
8  national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).
9  Thus, the definition of disability consists of both medical and
10 vocational components.  *Edlund v. Massanari*, 253 F.3d 1152, 1156
11 (9th Cir. 2001).

12      The Commissioner has established a five-step sequential
13 evaluation process for determining whether a person is disabled.
14 20 C.F.R. §§ 404.1520, 416.920.  Step one determines if the person
15 is engaged in substantial gainful activities.  If so, benefits are
16 denied.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(I).  If
17 not, the decision maker proceeds to step two, which determines
18 whether plaintiff has a medically severe impairment or combination
19 of impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii),
20 416.920(a)(4)(ii).

21      If plaintiff does not have a severe impairment or combination
22 of impairments, the disability claim is denied.  If the impairment
23 is severe, the evaluation proceeds to the third step, which
24 compares plaintiff's impairment with a number of listed
25 impairments acknowledged by the Commissioner to be so severe as to
26 preclude substantial gainful activity.  20 C.F.R. §§
27 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P,
28 App. 1.  If the impairment meets or equals one of the listed

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                            - 3 -

impairments, plaintiff is conclusively presumed to be disabled.
If the impairment is not one conclusively presumed to be
disabling, the evaluation proceeds to the fourth step, which
determines whether the impairment prevents plaintiff from
performing work which was performed in the past.  If a plaintiff
is able to perform previous work, that Plaintiff is deemed not
disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  At
this step, plaintiff's residual functional capacity ("RFC")
assessment is considered.  If plaintiff cannot perform this work,
the fifth and final step in the process determines whether
plaintiff is able to perform other work in the national economy in
view of plaintiff's residual functional capacity, age, education
and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),
416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish
a *prima facie* case of entitlement to disability benefits.
*Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v.
Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is
met once plaintiff establishes that a physical or mental
impairment prevents the performance of previous work.  *Hoffman v.
Heckler*, 785 F.3d 1423, 1425 (9th Cir. 1986).  The burden then
shifts, at step five, to the Commissioner to show that (1)
plaintiff can perform other substantial gainful activity and (2) a
"significant number of jobs exist in the national economy" which
plaintiff can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th
Cir. 1984); *Tackett v. Apfel*, 180 F.3d 1094, 1099 (1999).

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a

Commissioner's decision.  42 U.S.C. § 405(g).  A Court must uphold
the Commissioner's decision, made through an ALJ, when the
determination is not based on legal error and is supported by
substantial evidence.  *See Jones v. Heckler*, 760 F.2d 993, 995
(9th Cir. 1985); *Tackett,* 180 F.3d at 1097 (9th Cir. 1999).  "The
[Commissioner's] determination that a plaintiff is not disabled
will be upheld if the findings of fact are supported by
substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th
Cir. 1983) (*citing* 42 U.S.C. § 405(g)).  Substantial evidence is
more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112,
1119 n. 10 (9th Cir. 1975), but less than a preponderance.
*McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989);
*Desrosiers v. Secretary of Health and Human Services*, 846 F.2d
573, 576 (9th Cir. 1988).  Substantial evidence "means such
evidence as a reasonable mind might accept as adequate to support
a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)
(citations omitted).  "[S]uch inferences and conclusions as the
[Commissioner] may reasonably draw from the evidence" will also be
upheld.  *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).
On review, the Court considers the record as a whole, not just the
evidence supporting the decision of the Commissioner.  *Weetman v.
Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v.
Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

    It is the role of the trier of fact, not this Court, to
resolve conflicts in evidence.  *Richardson,* 402 U.S. at 400.  If
evidence supports more than one rational interpretation, the Court
may not substitute its judgment for that of the Commissioner.
*Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 5 -

(9th Cir. 1984).  Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987).  Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

At the outset, the ALJ found plaintiff was insured through December 31, 2006, for DIB purposes (Tr. 16, 18).  At step one he found Mr. Guzman has not engaged in substantial gainful activity since onset (Tr. 18).  At steps two and three, ALJ Payne found plaintiff suffers from a history of left knee and leg fracture injuries, arthritis, and depression, impairments that are severe but which do not alone or in combination meet or medically equal a Listed impairment (Tr. 18,20).  The ALJ found plaintiff less than completely credible (Tr. 21-22).  At step four, he found plaintiff's RFC for a wide range of sedentary work enables him to perform two of his past jobs, website design assistant and billings consultant (Tr. 22).  Alternatively, the ALJ found at step five plaintiff can perform other jobs (Tr. 23).  Accordingly, he found plaintiff is not disabled as defined by the Social Security Act (Tr. 24).

**ISSUES**

Plaintiff contends the Commissioner erred as a matter of law

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 6 -

by failing to properly weigh the medical and psychological evidence, specifically the opinions of treating surgeon Tycho Kersten, M.D., examining orthopedist William Shanks, M.D., and examining psychologist Kaylee Islam-Zwart, Ph.D.; and by improperly assessing Mr. Guzman's credibility.  Mr. Guzman alleges the ALJ should have found him disabled at step five pursuant to "Grid Rule" 201.06[1] based on his stipulation to a step five determination at the hearing (Ct. Rec. 13 at 6,8-12).  Asserting the ALJ's decision is supported by substantial evidence and free of legal error, the Commissioner asks the Court to affirm (Ct. Rec. 24 at 7,17).

**DISCUSSION**

**A. Weighing medical evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908.  The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929.  Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms.  *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's

---

[1]See 20 C.F.R. Part 404, Subpart P, Appendix 2 (the "Grids").

physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989) (citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Cater*, 81 F.3d 821, 830 (9th Cir. 1996). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

Mr. Guzman argues the ALJ failed to properly credit the opinions of treating surgeon Tycho Kersten, M.D., and of examining orthopedist William Shanks, M.D. (Ct. Rec. 13 at 10-11). He appears to argue the ALJ's RFC for a wide range of sedentary work

is inconsistent with the opinions of the two doctors (Ct. Rec. 13 at 11), but the record does not support plaintiff's assertion.

Following a motorcycle accident on August 29, 2006, Dr. Kersten removed plaintiff's shattered patella (Tr. 233). Also on August 29, 2006, Dr. Kersten opined Mr. Guzman's ability to sit, stand, walk, lift and carry was severely limited. He expected these limitations to last 4 to 6 months (Tr. 282-283). Mr. Guzman tolerated the surgery well and was discharged August 31, 2006 (Tr. 234-235). Several months later Mr. Guzman told Dr. Kersten he mowed his lawn two days after being discharged from the hospital (Tr. 320).

Dr. Kersten notes one month after surgery plaintiff feels things are improving. The surgeon opined Mr. Guzman "really needs to get into [physical] therapy as recommended" (Tr. 293). Mr. Guzman attended seven physical therapy sessions (Tr. 302).

Plaintiff said he was unemployed in August of 2006 "but he just finished school for web design" (Tr. 237).

On April 27, 2007, Dr. Kersten examined Mr. Guzman and opined he was capable of sedentary work with no limitations. He limited plaintiff to lifting no more than 25 pounds and standing no more than one hour a day, both consistent with an RFC for sedentary work (Tr. 319). Contrary to plaintiff's argument, Dr. Kersten's RFC is consistent with the ALJ's.

Dr. Shanks examined Mr. Guzman on July 31, 2007 (Tr. 356-361). He notes:

> [Plaintiff] developed problems in his left knee in early 2003 without any specific injury. . . He eventually had surgery in March of 2003 and was found to have chondral flap associated with chondromalacia of the patella. He improved

following that surgery and was able to return to work as a welder and metal fabricator.

(Tr. 356).  At the time of Dr. Shanks' exam plaintiff was receiving no medical treatment (Id).  Dr. Shanks notes Mr. Guzman earned an associate's degree in computer manufacturing but was never to get work in the field.  When able to find a job, plaintiff works as a welder and metal fabricator (Tr. 357).

Dr. Shanks assessed an RFC for severely limited to sedentary work.  He assessed no sitting limitations, and opined plaintiff needs further training (Tr. 358-361).  This RFC is similar to those assessed by Dr. Kersten and the ALJ, although as an examining rather than treating physician Dr. Shanks's opinion is entitled to less weight.  In September of 2008, Dr. Shanks examined plaintiff again.  He refers to Mr. Guzman performing "only heavy type work in the past," indicating he was unaware of plaintiff's two prior sedentary jobs (Tr. 392, 399).  After he examined plaintiff, Dr. Shanks again assessed no sitting limitations.  His 2008 RFC is similarly consistent with those of Dr. Kersten and the ALJ.  Plaintiff's argument the ALJ improperly rejected these opinions is unsupported by the record.

With respect to mental impairments, plaintiff alleges the ALJ failed to adopt two moderate limitations assessed by examining psychologist Dr. Islam-Swart, Ph.D. (Ct. Rec. 13 at 10, referring to Tr. 348-355).  On June 28, 2007, she evaluated plaintiff for complaints of "knee problems and related anxiety and depression" (Tr. 348).  Plaintiff took no medications of any kind and was not undergoing mental health treatment (Tr. 350-351).  Defensiveness and exaggeration appeared on testing (Tr. 354).  Dr. Islam-Swart opined Mr. Guzman's ability to respond appropriately to and

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                           - 10 -

tolerate the expectations of a normal work setting, and his ability to control physical or motor movements, are moderately limited (Tr. 350). As the ALJ points out, she assessed a GAF of 65, indicating some mild symptoms or difficulty but generally functioning pretty well[2]. And, the ALJ observes, Dr. Islam-Swart opined plaintiff's mental symptoms would likely stop if his knee pain improved (Tr. 19, 21, referring to Tr. 355). There is no other evidence of psychological impairment or treatment.

Medical expert Dr. Brovender testified Mr. Guzman should lift and carry less than 20 pounds. He opined plaintiff could sit two hours at a time without interruption; stand or walk an hour at a time without interruption; sit 8 hours in a work day, and stand and walk 2 hours each, total, in a workday. He assessed several postural and environmental limitations (Tr. 422-423,425-426).

To further aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility and found him less than fully credible (Tr. 21). Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an

---

[2]
Diagnostic and Statistical Manual of Mental Disorders, 4th Ed. at p. 32(DSM IV)(2005).

underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

Some of the factors the ALJ relied on to assess credibility include: (1) treatment providers and examining physicians opine plaintiff is able to perform sedentary work with no limitations (other than unchallenged postural and/or environmental limitations), indicating Mr. Guzman's complaints are inconsistent with essentially all of the acceptable source medical evidence. (2) Plaintiff's lack of treatment for allegedly disabling pain. The ALJ notes plaintiff sought no medical attention or treatment for six months, from April to October of 2007 (Tr. 21). (3) Plaintiff's inconsistent statements. The ALJ notes plaintiff testified sitting bothers him (Tr. 47) but elevating his leg is best (Tr. 46), a seated task (Tr. 20). Plaintiff has past sedentary work but was tardy disclosing it (see below)(Tr. 20,22).

The record fully supports the ALJ's clear and convincing reasons.

In addition, plaintiff's activities during the relevant periods of August 28, 2006 through December 31, 2006 (DIB), and

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 12 -

August 2006 through March 10, 2009 (SSI), are inconsistent with his complaints of disabling pain.  He shoveled snow on January 9, 2008.  As noted, plaintiff mowed the lawn two days after surgery in 2006 (Tr. 320,379).  He does laundry, cooks, drives, works at his computer, performs light housekeeping and yard work, shops, reads, and enjoys watching movies (Tr. 51,116,118-120,138,140-143,179-182,354), activities also inconsistent with complaints of disabling pain.

With respect to credibility, perhaps most significant is plaintiff's failure to mention a past sedentary job as a billing consultant in the forms he completed for the agency, as noted by the ALJ (Tr. 22, citing Exhibits 7E,17E).  Mr. Guzman's credibility is further diminished by inconsistent descriptions of his past job of website design assistant in 2005.

At the hearing ALJ Payne asked plaintiff if he performed any sedentary jobs after 1994 (Tr. 36).  According to plaintiff and/or his attorney, Mr. Guzman worked full time for a year for "ICT" as a billing consultant for AOL (Tr. 36-38).  At the hearing the ALJ pointed out plaintiff failed to include this job in Exhibit 7E (at Tr. 149), an undated work history report (Tr. 38).  Mr. Guzman's attorney referred the ALJ to Exhibit 2E, dated 9/15/06, which showed plaintiff worked full time from August 2000 to August of 2001 as a billing consultant (Tr. 38, referring to Tr. 124,128 dated 9/15/2006).  Although described as sedentary at the hearing, on the form Mr. Guzman described the job as requiring standing and sitting 4 hours each daily day (Tr. 128).  In an undated form, plaintiff describes the job as sitting for 6 hours out of 8 and lifting 100 pounds (Tr. 210).  The ALJ observes lifting was

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 13 -

attributed to a move and "is certainly not the norm for the position" (Tr. 22).

Interestingly, Mr. Guzman did not list the billing consultant position until the agency notified him a federal query revealed he earned $5313.92 in 2000 and $11,773.28 in 2001, both from the "ICT Group." The agency requested a complete job description "as that job was not described on your work history that you completed" (Tr. 198).

Plaintiff inconsistently described completing website design studies in 2005. In August of 2006, as noted, Mr. Guzman told Dr. Kersten he recently finished school for web design (Tr. 237). Plaintiff told DSHS he did not complete the program because the "grant stopped" (Tr. 133). In his position as a website design assistant plaintiff indicates he (1) worked "part-time, 2-4 hours a day" fixing or upgrading websites (Tr. 38); (2) worked 10-30 hours a week (Tr. 133); and (3) worked for 14 months, 4-6 hours a day, 4-5 days a week, and supervised two people (Tr. 124, 130).

The ALJ considered lay testimony when he weighed credibility and determined plaintiff's RFC. Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (citation omitted). One reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence. *Lewis v. Apfel*, 236 F.3d 503, 511-512 (9th Cir. 2001).

ALJ Payne's RFC is largely consistent with the limitations described by plaintiff's daughter, Vanessa Guzman (Tr. 21). In

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 14 -

May of 2007, Ms. Guzman reported her father has trouble sitting. His hobbies, however, include working at his computer, reading, origami, and watching movies -- all seated sedentary activities (Tr. 21, citing Exhibit 9E at Tr. 178-186). The ALJ points out plaintiff and his daughter visit each other, she helps him shop, and [although he has trouble getting around] he "keeps himself busy for the most part" (Id., referring to Tr. 178).

The ALJ notes [a month earlier, in April of 2007] Dr. Kersten opined Mr. Guzman is able to perform sedentary work. The ALJ's RFC is generally consistent with the opinions of lay and medical witnesses.

The ALJ correctly relied on several factors, including complaints inconsistent with medical opinions, infrequent treatment for allegedly disabling pain, inconsistent statements, and lay testimony, when he found Mr. Guzman less than completely credible (Tr. 20-21).

The ALJ's reasons for finding plaintiff less than fully credible are clear, convincing, and fully supported by the record. *See Thomas v. Barnhart*, 278 F. 3d 947, 958-959 (9th Cir. 2002)(proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and extent of daily activities). Noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment also cast doubt on a claimant's subjective complaints. 20 C.F.R. §§ 404.1530, 426.930; *Fair v. Bowen*, 885 F. 2d 597, 603 (9th Cir. 1989).

The ALJ notes no treating or examining physician has opined plaintiff is unable to perform sedentary work (Tr. 21). He is

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 15 -

correct the record shows periods of time during which Mr. Guzman
did not specify any particular complaint and sought medical
attention infrequently for allegedly disabling symptoms (Tr. 21;
see 356,369,375,384,389,407,414).

   The ALJ properly weighed the evidence of Mr. Guzman's
physical impairment as well as his credibility.

**B. Mental impairment**

   Contrary to plaintiff's assertion, the ALJ includes
depression as a severe impairment at step two (Tr. 18).  After
weighing the evidence, the ALJ did not include mental limitations
in Mr. Guzman's RFC.

   When he determined plaintiff's RFC, the ALJ relied on the
examining psychologist's noted GAF of 65, indicative of only mild
limitations (Tr. 19,21).  He notes Dr. Islam-Swart felt
plaintiff's depression was related to two knee surgeries (in 2003
and 2006).  During the relevant periods, the ALJ observes no
psychological symptoms lasted twelve consecutive months as
required (Tr. 21).  ALJ Payne considered plaintiff's credibility
when he weighed the evidence of mental limitation.  Notably,
plaintiff did not undergo any mental health treatment during the
relevant periods.

   The ALJ is responsible for reviewing the evidence and
resolving conflicts or ambiguities in testimony.  *Magallanes v.
Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).  It is the role of the
trier of fact, not this court, to resolve conflicts in evidence.
*Richardson*, 402 U.S. at 400.  The court has a limited role in
determining whether the ALJ's decision is supported by substantial
evidence and may not substitute its own judgment for that of the

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 16 -

ALJ, even if it might justifiably have reached a different result upon de novo review.   42 U.S.C. § 405 (g).

The ALJ's assessed RFC is fully supported by the record and without error.

**B. Steps four and five**

Plaintiff essentially contends the ALJ erred by refusing to be bound by Mr. Guzman's stipulation to a step five decision; he alleges had the ALJ done so, a finding of disability would be directed by Medical Vocational Rule 201.06 (Ct. Rec. 13 at 8, apparently relying on Tr. 53).   The argument is legally flawed.

At step four, plaintiff bears the burden of showing he is unable to perform any past relevant work, *Meanel v. Apfel*, 172 F.3d 1111,1113 (9th Cir. 1999), a step Mr. Guzman's argument conveniently overlooks.   The ALJ points out:

> ". . . the claimant's representative conspicuously skipped an assessment at step four as this would bypass the realization/acknowledgment that the claimant had past work that is sedentary in nature. Additionally, he also noted only . . . Rules 201.04 and .06 that indicated 'high school education or more -- does not provide for direct entry into skilled work' and that he [plaintiff] did not have any transferable work skills.  However, the claimant does have advanced education and a skilled work history and therefore, may have transferable skills."

(Tr. 22).

The step four burden cannot be stipulated away unless the Commissioner agrees.   He has not.

The ALJ found Mr. Guzman can perform two of his past jobs, billing consultant and web design assistant (Tr. 22).   The record fully supports the determination.   Based on SGA and as described in the DOT, plaintiff's RFC is consistent with the requirements of the jobs of billing clerk and web consultant (Tr. 199).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 17 -

1  Plaintiff's inconsistent descriptions of these jobs, and his

2  professed dislike of the billing job, do not provide a basis for

3  reversing the ALJ's step four determination.  Because the ALJ's

4  step four finding is without error, any alleged error in the

5  alternative step five analysis

6  need not be addressed.

7      The Court finds the ALJ's assessment of the evidence is

8  supported by the record and free of legal error.

9  **CONCLUSION**

10     Having reviewed the record and the ALJ's conclusions, this

11 court finds that the ALJ's decision is free of legal error and

12 supported by substantial evidence..

13     **IT IS ORDERED:**

14     1. Defendant's Motion for Summary Judgment **(Ct. Rec. 15)** is

15 **GRANTED.**

16     2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 12)** is

17 **DENIED.**

18     The District Court Executive is directed to file this Order,

19 provide copies to counsel for Plaintiff and Defendant, enter

20 judgment in favor of Defendant, and **CLOSE** this file.

21     DATED this 23rd day of April, 2010.

22

23                 s/ James P. Hutton
                 JAMES P. HUTTON
        UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28